IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PRINCE BEY, IDOC # N60745,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11-951-GPM |
| ) | |
| **GREG SCHARTZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Prince Bey, a prisoner of the Illinois Department of Corrections ("IDOC") who currently is on mandatory supervised release ("MSR"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In Bey's pro se complaint in this case, Bey alleges that as a result of denial of good-time credit and miscalculation of his MSR date by IDOC officials, he was not released on his correct MSR date and thus was required wrongly to spend time in IDOC incarceration. Defendants in the case are Greg Schartz, the warden of the Pinckneyville Correctional Center ("Pinckneyville"), the Records Office Supervisor at Pinckneyville, and the chair of the IDOC's Prisoner Review Board ("PRB"). Pursuant to 42 U.S.C. § 1983, Bey seeks compensatory and punitive damages for violations of unspecified constitutional rights. Bey's Section 1983 action is clearly a challenge to the validity and length of his sentence. Under Illinois law, a term of MSR is a part of any sentence of imprisonment: "Except when a term of natural life is imposed, every sentence includes a term *in addition to the term of imprisonment*. For those sentenced under the law in effect before February 1, 1978, that term is a parole term. For those sentenced on or after February 1, 1978, that term is a mandatory supervised release term." 730 ILCS 5/5-4.5-15(c) (emphasis added). However, the PRB "may enter an order releasing and discharging one from parole or mandatory supervised

release, and his commitment to the [IDOC], when it determines that he is likely to remain at liberty without committing another offense." 730 ILCS 5/3-3-8(b). *See also Owens v. Snyder*, 811 N.E.2d 738, 746 (Ill. App. Ct. 2004) ("Terms of mandatory supervised release are imposed by statute 'in addition' to imprisonment and cannot be stricken by the courts."); *People v. Russell*, 801 N.E.2d 977, 983 (Ill. App. Ct. 2003) ("[A] defendant's sentence must be accompanied by a period of mandatory supervised release.").

Of course, under the familiar rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), a challenge to the validity or length of a prison sentence cannot proceed as an action under 42 U.S.C. § 1983 unless and until the sentence is otherwise invalidated. This rule prevents an "end-run" around habeas corpus procedures:

> [A] § 1983 suit for damages that would 'necessarily imply' the invalidity . . . of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence. This 'favorable termination' requirement is necessary to prevent inmates from doing directly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute.

*Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (quoting *Heck*, 512 U.S. at 487) (other citations omitted). *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his [sentence], and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that [sentence], his sole federal remedy is a writ of habeas corpus."). A Section 1983 claim based on loss of good-time credit is a claim that implicates the validity or length of a prison sentence and thus is *Heck*-barred. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (the correct federal vehicle for a state prisoner to contest

a loss of good-time credit in prison disciplinary proceedings is 28 U.S.C. § 2254); *Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996) (where a prisoner sought damages for his placement in segregation, the court was required to consider whether the prisoner would have been found guilty and placed in segregation without procedural irregularities in the disciplinary proceedings; this finding necessarily would implicate the actual result of the disciplinary hearing, including loss of good-time credit, so that the case should have been brought as a habeas corpus action). Similarly, a person on parole (or MSR), though no longer incarcerated, remains "in custody" for purposes of the federal habeas corpus statutes and thus has a federal habeas remedy. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("[A] prisoner who [has] been placed on parole [is] still 'in custody' under his unexpired sentence."); *Jones v. Cunningham*, 371 U.S. 236, 238 (1963) (a parolee may seek a writ of habeas corpus, which is available only to those that are "in custody"); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (a petition for a writ of habeas corpus, rather than an action under Section 1983, was the appropriate remedy for a parolee seeking release from one of the restrictions imposed by his parole, specifically, a ban on international travel, so that he could travel to a foreign country to marry a woman with whom he had been corresponding while incarcerated). Because Bey's only federal remedy in this case is a petition for a writ of habeas corpus, this suit will be dismissed without prejudice.[1]

---

1. The Court notes in passing that it is not authorized to construe Bey's complaint under 42 U.S.C. § 1983 as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Bey's complaint in this case fails to state a claim upon which relief may be granted. Therefore, this case is **DISMISSED without prejudice**. Bey is advised that the dismissal of this case counts as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 19, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge